UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL O'NEILL, | No. 2: 17-cv-1669 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CDCR, et al., | |
| Respondents. | |

I. Introduction

Petitioner is a former state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss. (ECF No. 15.) For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

This action proceeds on the original petition. (ECF No. 1.) Petitioner challenges his 2015 conviction in El Dorado County Superior Court for felony driving under the influence with priors (Cal. Veh. Code § 23152(a)) and driving with a blood alcohol level over .08 (Cal. Veh. Code § 23152(b).) (ECF No. 14-1 at 35.) Pursuant to a plea agreement, petitioner was sentenced to five years imprisonment. (Id.)

The petition is difficult to understand. However, it appears that petitioner challenges his conviction on the following grounds: 1) ineffective assistance of counsel; 2) denial of right to a

1

speedy trial based on alleged violation of the Interstate Agreement on Detainers Act ("IAD"); and prosecutorial misconduct on grounds that the district attorney allegedly obtained a fugitive warrant using false pretenses. (ECF No. 1 at 6.)

The grounds of petitioner's ineffective assistance of counsel claim are contained in a brief filed in the California Court of Appeal, attached to the petition. In this brief, petitioner argues that his counsel failed to file a pre-trial motion arguing that petitioner's speedy trial rights were denied "within the provisions of the IAD." (Id. at 26.-27)

In a memorandum of points and authorities addressed to the El Dorado County Superior Court, attached to the petition, petitioner also argues that he did not receive presentence time credits for days he was held in custody in Colorado Springs, Colorado between December 1, 2013, and November 29, 2014. (Id. at 11.)

Respondent moves to dismiss the petition on grounds that petitioner's plea agreement waived his right to challenge his conviction.

II. Background

With the exception of the information taken from the opinion of the California Court of Appeal designated herein, the background information is taken from the Court Reporter's Transcript, the Supplemental Court Reporter's Transcript, the Reporter's Transcript and the Augmented Reporter's Transcript.

On March 23, 2012, in El Dorado County Superior Court, petitioner was arraigned on charges that he drove drunk and had prior convictions for drunk driving. (ECF No. 14-1 at 8-8; ECF No. 14-2 at 16-17.) Amended complaints were filed, and on September 12, 2012, petitioner waived a preliminary hearing and was held to answer. (ECF No. 14-1 at 10-14; ECF No. 14-2 at 27.)

On September 21, 2012, an information was filed. (ECF No. 14-1 at 15-17.) On September 28, 2012, petitioner pled not guilty. (ECF No. 14-2 at 29.) On November 2, 2012, the jury trial was set for March 5, 2013. (Id. at 31.) On February 1, 2013, the jury trial date was vacated on motion by defense counsel. (Id. at 34.)

////

| 1 | Petitioner's motions to replace counsel were denied on February 15, 2013, and March 29,

2 2013. (Id. at 35, 41.) On March 29, 2013, the court granted petitioner's motion to represent

3 himself. (Id. at 42.) On April 5, 2013, attorney Dain Weiner was appointed to represent

4 petitioner. (Id. at 44.)

5 On October 7, 2013, petitioner failed to appear in court and a bench warrant was issued.

6 (Id. at 57.) On October 11, 2013, defense counsel informed the court that petitioner was in

7 custody in Colorado Springs, Colorado. (Id. at 59.)

8 The following, undisputed background information is taken from the opinion of the

9 California Court of Appeal:

> On November 26, 2013, [petitioner] pleaded guilty in two Colorado cases, and was sentenced there to 14 months in county jail, then released on a work release program. [Petitioner] went to the Colorado jail on December 1, 2013, and was told he no longer qualified for work release. He was taken into custody. His Colorado sentence was completed on November 13, 2014, and he was kept in custody until November 30, 2014, when he was transported back to California.

15 (ECF No. 14-5 at 3.)

16 Petitioner appeared in El Dorado County Superior Court on December 2, 2014. (ECF No.

17 14-2 at 64.) On March 23, 2015, the court conducted a hearing on petitioner's motion to dismiss

18 pursuant to the IAD. (ECF No. 14-2 at 79-80; ECF No. 14-4 at 1-70 (augmented reporter's

19 transcript from hearing regarding motion to dismiss).) On April 10, 2015, in a lengthy, written

20 order read from the bench, the court denied petitioner's motion to dismiss. (ECF No. 14-4 at 71-

21 81.)

22 On May 11, 2015, the court granted petitioner's motion to represent himself. (ECF No.

23 14-2 at 86.) On May 15, 2012, petitioner was permitted to remain represented by counsel. (ECF

24 No. 14-3 at 4.)

25 On May 15, 2012, petitioner pled no contest pursuant to a plea agreement. During the

26 change of plea hearing, petitioner's counsel asked the trial court if petitioner could file a "writ" if

27 he accepted the "five year deal." (Id. at 7.) The trial court initially responded, "I don't know."

28 (Id. at 8.) The trial court went on to state, "You can file it. Whether or not you'd be barred from

3

proceeding on it, I don't know. That's the best I can do. [Your lawyer] might have a better idea than I. I'm really not a writ expert." (Id.)

Petitioner then told the court that he wanted to accept the offer and plead guilty. (Id. at 8-9.) While the trial court took petitioner's plea of no contest, petitioner and the trial court discussed whether petitioner's plea waived his right to file a writ. The trial court told petitioner that the waiver of his right to appeal also included a waiver of his right to file a writ. (Id. at 18.) After further discussion, the trial court told petitioner, "Okay. So then you do realize that you can't appeal nor file any writs with regards to this case. In other words, you can't do anything to undo what the plea does." (Id. at 20.) Petitioner said that he understood that fact. (Id.)

After a discussion regarding the pretrial credits to which petitioner was entitled, the trial court and parties agreed to put sentencing over to another day so the issue of pretrial credits could be researched. (Id. at 29-30.) At the conclusion of the sentencing hearing, where petitioner was sentenced to five years, the trial court told petitioner that the probation department would determine his pretrial credits. (Id. at 55-56.)

On May 22, 2015, the probation department found that petitioner was entitled to 500 days credit, consisting of 250 actual days and 250 days conduct credit. (ECF No. 14-1 at 37.) The credit awarded did not include any days in custody in Colorado. (Id.)

The following additional, undisputed, background is taken from the opinion of the California Court of Appeal:

> On June 10, 2015, [petitioner] filed a motion post plea, arguing he was in custody in Colorado on the bench warrant alone, and that he should have received credit for his time in custody there. The court ordered the probation department to determine whether to award pretrial credit as stated in defendant's motion. The probation department determined that defendant was entitled to only 16 days credit for time spent in custody in Colorado, representing the period of time after defendant completed his time on the Colorado cases and before he was released on November 13, 2014.
>
> The probation department also concluded defendant was entitled to an additional 146 days credit for time spent in custody in another El Dorado County case, case No. P12CRJ0003. Defendant apparently violated the terms of his postrelease community supervision (PRCS) in case No. P12CRJ0003 when he committed the offenses at issue here. The probation department originally determined defendant was entitled to no credits for the time spent in custody as a result of case

4

> No. P12CRJ0003, but later decided he was entitled to 146 days because "the PRCS violation was based solely on the present offense…" The trial court followed the probation department recommended and awarded defendant 824 days total credit.

(ECF No. 14-5 at 3-4.)

The El Dorado County Probation Department report clarifies that petitioner was entitled to 16 days presentence credit from the completion of his Colorado sentence on November 12, 2014, to November 28, 2014, i.e., the date he was returned to El Dorado County. (See ECF No. 14-2 at 94 (El Dorado County Probation Department report).) Petitioner filed an appeal, arguing that he was entitled to additional credit for Colorado time served, pursuant to California Penal Code § 2900.5. (Id. at 4.) The California Court of Appeal rejected this claim. (Id. at 4-6.)

III. Discussion

    A. Tollett v. Henderson

Respondent moves to dismiss the petition on the grounds that petitioner's claims are barred by his guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Generally, aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks on pre-plea constitutional errors – such as arrest without probable cause. Id.

In the instant case, petitioner plead no contest. (ECF No. 14-3 at 23.) In California, the legal effect of a plea of no contest is the same as that of a guilty plea for purposes of Tollett. See Cal. Pen. Code § 1016(3). Thus, except for claims that are directed at the validity of his no contest plea, petitioner's federal habeas claims raising pre-plea constitutional errors would be barred by Tollett if he is in custody due to a no contest plea.[1]

---

[1] In the motion to dismiss, respondent does not cite Tollett v. Henderson, but instead argues that petitioner's plea agreement waived his right to file a federal habeas corpus petition. In Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), the Ninth Circuit found that a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is

5

As discussed above, petitioner appears to raise four claims: 1) ineffective assistance of counsel based on counsel's failure to file a pre-trial motion arguing that petitioner's speedy trial rights were denied "within the provisions of the IAD;" 2) denial of right to speedy trial based on alleged violation of the IAD; 3) prosecutorial misconduct on grounds that the district attorney allegedly obtained a fugitive warrant using false pretenses; and 4) miscalculation of presentence time credits, i.e., the same claim petitioner raised on appeal.

Claims 1-3 involve alleged pre-plea constitutional errors and do not challenge the voluntariness of petitioner's no contest plea. Accordingly, these claims are barred by <u>Tollett v. Henderson</u>.[2] Therefore, respondent's motion to dismiss claims 1-3 should be granted.

Claim 4 raises a claim alleging post-plea constitutional error. Thus, claim 4 is not barred by <u>Tollett v. Henderson</u>.

////

////

---

unenforceable with respect to ineffective assistance of counsel claims that challenge the voluntariness of the plea. Thus, it is clear from <u>Washington v. Lampert</u> that state plea agreements that waive the right to file federal habeas petitions are enforceable by federal courts.

In <u>Washington</u>, the petitioner signed a plea agreement in state court that explicitly stated that the petitioner waived his right to file "all types of judicial or other review, including but not limited to all claims for post-conviction relief or *federal habeas corpus relief*." 422 F.3d at 865 (emphasis added). In the instant case, petitioner's plea form contains the following relevant waiver: "I freely and voluntarily waive my right to appeal." (ECF No. 14-1 at 28.) Petitioner's plea form does not expressly waive petitioner's right to file a federal habeas corpus petition. In addition, the undersigned has reviewed the transcript from the change of plea hearing and does not find that petitioner expressly waived his right to file a federal habeas corpus petition. Because petitioner did not expressly waive his right to file a federal habeas corpus petition, the undersigned finds that petitioner's claims are not barred by the terms of his plea agreement. <u>See United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994) (a plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly). Instead, pursuant to <u>Tollett v. Henderson</u>, petitioner's plea of no contest bars his claims regarding pre-plea constitutional errors that do not challenge the voluntariness of the plea.

[2] The undersigned observes that in another pleading attached to the petition, addressed to the California Court of Appeal, petitioner alleges that "threats and coercion" were used to secure his plea agreement. (ECF No. 1 at 21.) The undersigned has reviewed the transcript from petitioner's change of plea hearing and does not find any evidence supporting his allegation that "threats and coercion" were used to secure his plea. In any event, as discussed above, petitioner does not raise any claims directly challenging the voluntariness of his plea.

B. Claim 4

In claim four, petitioner appears to raise the same claim he raised on appeal: he is entitled to presentence credit for time served in Colorado pursuant to California Penal Code § 2900.5.

Respondent's motion does not address the merits of claim four.[3] However, for the reasons stated herein, the undersigned finds that claim four should be denied.

*Standards for Habeas Corpus Petitions Pursuant to 28 U.S.C. § 2254*

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct.

---

[3] In the order directing respondent to file a response to the petition, the undersigned did not identify claim 4 as one of petitioner's claims. (ECF No. 9 at 2.) In this order, the undersigned identified claims 1-3 as the claims raised in the original petition. (Id.) After further review of the petition, it appears that petitioner may be raising the claim he raised on appeal, i.e. an alleged violation of California Penal Code § 2900.5. Accordingly, in an abundance of caution, the undersigned addresses this claim in these findings and recommendations.

38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams v. Taylor, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court

---

[4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

8

was "'erroneous.'""). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Richter, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the

petitioner's federal claim, the component is reviewed de novo in federal court. Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 101. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006).

*Discussion*

The California Court of Appeal is the last state court to issue a reasoned decision addressing petitioner's claim for presentence credits. The California Court of Appeal denied this claim for the reasons stated herein:

10

Defendant Neal O'Neill pleaded guilty to driving under the influence (DUI) of alcohol and driving with a .08 percent or higher blood-alcohol level. Defendant also admitted he had suffered a prior serious or violent felony pursuant to Penal Code 1 sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), and served two separate prior prison terms following a felony conviction (§ 667.5, subd. (b)).

After being charged, but before entering his plea, defendant committed two DUI's in Colorado. The Colorado court released him on work release. Meanwhile, when he missed a court appearance in this case, the court issued a bench warrant. When defendant returned to the Colorado authorities to report for his work service, he was taken into custody in Colorado and told he no longer qualified for work release in Colorado because of the bench warrant in this case.

The trial court sentenced defendant to five years in prison and gave defendant credit for 500 days served consisting of 250 actual days and 250 conduct credits. The trial court later amended the award of credits to 824 days, consisting of 412 days actual time and 412 days conduct credit. The additional credits were attributable to 16 days served in Colorado after he completed his Colorado sentence and was being held strictly on the El Dorado County warrant, and 146 days in another El Dorado County case.

Defendant argues he is entitled to presentence custody credits for the entirety of his custody time in Colorado, because he would have been allowed to serve his sentence there on work release were it not for the California bench warrant. The People disagree, and further argue defendant should not have been credited with the time served on another El Dorado County case because he was not entitled to dual custody credit. The People argue the credit award should be modified to 532 days of time credit. The People also argue the judgment should be modified to include additional fees and assessments.

We shall modify the judgment to impose mandatory fees and assessments, but shall otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2012, defendant was charged in El Dorado County with driving under the influence of alcohol and driving with a .08 percent or higher blood-alcohol level. (Veh. Code, § 23152, subds. (a) & (b).) Defendant appeared in court several times, both in custody and out on bail, over the next 17 months. On October 7, 2013, defendant failed to appear and the trial court issued a bench warrant. On October 11, 2013, defense counsel informed the court that defendant was in custody in Colorado.

On November 26, 2013, defendant pleaded guilty in two Colorado cases, and was sentenced there to 14 months in county jail, then released on a work release program. Defendant went to the Colorado jail on December 1, 2013, and was told he no longer qualified for work release. He was taken into custody. His Colorado sentence was completed on November 13, 2014, and he was kept in custody until

11

November 30, 2014, when he was transported back to California.

On May 15, 2015, defendant pleaded nolo contendere to the charges and admitted the prior convictions. The court sentenced him to five years in prison. The court ordered defendant credit for time served to be determined by the probation department. Pursuant to the probation department recommendation, defendant was awarded 500 days credit, consisting of 250 actual days and 250 days conduct credit. The credit awarded did not include any days in custody in Colorado.

On June 10, 2015, Defendant filed a motion post plea, arguing he was in custody in Colorado on the bench warrant alone, and that he should have received credit for his time in custody there. The court ordered the probation department to determine whether to award pretrial credit as stated in defendant's motion. The probation department determined that defendant was entitled to only 16 days credit for time spent in custody in Colorado, representing the period of time after defendant completed his time on the Colorado cases and before he was released on November 13, 2014.

The probation department also concluded defendant was entitled to an additional 146 days credit for time in custody in another El Dorado County case, case No. P12CRJ0003. Defendant apparently violated the terms of his postrelease community supervision (PRCS) in case No. P12CRJ0003 when he committed the offenses at issue here. The probation department originally determined defendant was entitled to no credits for the time spent in custody as a result of case No. P12CRJ0003, but later decided he was entitled to 146 days because "the PRCS violation was based solely on the present offense ...." The trial court followed the probation department recommendation and awarded defendant 824 days total credit.

DISCUSSION

I

Defendant is Not Entitled to Additional Credit for Colorado Time Served

Section 2900.5, subdivision (a) provides in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, ... all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, ... shall be credited upon his or her term of imprisonment ...." However, subdivision (b) specifies that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

The Supreme Court has concluded that section 2900.5, subdivision (b) sets forth a test of strict causation. "[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for'

cause of the earlier restraint." (People v. Bruner (1995) 9 Cal.4th 1178, 1193–194 (Bruner).) The defendant bears the burden of establishing that the conduct leading to the current conviction was the sole reason for his loss of liberty during the presentence period. (Id. at pp. 1191, 1193–194, & fn. 10.)

A defendant's sentence may not be credited with custody time that is attributable to a parole or probation revocation based only in part on the same criminal episode. (Bruner, supra, 9 Cal.4th at p. 1191.) In Bruner, for example, the defendant was being arrested for parole violation when agents found cocaine on his person. (Id. at p. 1181.) The defendant was cited and released for the cocaine possession, but placed in custody on a parole hold pending disposition of his parole status. (Ibid.) The defendant's parole was revoked on the basis of both the violations that were the cause of his arrest and the possession of cocaine at the time of arrest. (Ibid.) He was sentenced to 12 months in prison, with full credit for his presentence custody. (Ibid.) While serving his parole revocation term, he was charged with cocaine possession, pleaded guilty, and was sentenced to a 16–month term concurrent with the probation revocation term. (Id. at pp. 1181–1182.)

The court concluded the defendant was not entitled to any presentence credit against the 16–month term, reasoning that section 2900.5, "is intended only to prevent inequalities in total confinement among defendants, each similarly sentenced in a single proceeding, which inequalities arise solely because one defendant suffered presentence confinement while another did not. Section 2900.5 is not intended to bestow the windfall of duplicative credits against all terms or sentences that are separately imposed in multiple proceedings. And this is so even where, while serving other sentences, the defendant was also incidentally subject to restraint based on 'proceedings related to the same conduct' for which he now seeks sentence credit." (Bruner, supra, 9 Cal.4th at pp. 1191–192, fn. omitted.) Section 2900.5 was not intended "to allow credit for a period of presentence restraint unless the conduct leading to the sentence was the true and only unavoidable basis for the earlier custody." (Bruner, at p. 1192.)

Here, defendant claims he was incarcerated in Colorado because he was no longer qualified for work release in that state. There is no evidence in the record before us that defendant was incarcerated in Colorado solely because of his driving while under the influence of alcohol in California, which predated his arrest and conviction in Colorado. The most that can be said based on the record before us is that he was incarcerated because of the bench warrant in this case, which means he was serving time in Colorado because he failed to appear in his California case, not because of the underlying drunk driving. Put another way, there is no evidence defendant's conduct of driving while under the influence of alcohol was not the "true and only unavoidable basis for the [Colorado] custody." (Bruner, supra, 9 Cal.4th at p. 1192.)

Accordingly, we reject defendant's claim that he is entitled to additional pretrial custody credit.

People v. O'Neill, 2017 WL 2061438 at *1-3 (2017).

The erroneous denial of pre-sentence credit under § 2900.5 may constitute denial of a state-created liberty interest that is protected by the Due Process Clause. Robinson v. Marshall, 66 F.3d 249, 250-51 (9th Cir. 1995).

The undersigned concurs with the reasoning and conclusion of the California Court of Appeal. The California Court of Appeal correctly found that petitioner was not entitled to presentence credits, pursuant to § 2900.5, for the time he was incarcerated in Colorado before the completion of his Colorado sentence on November 12, 2014, because the record contains no evidence that petitioner's Colorado incarceration prior to that time was solely based on the pending California drunk driving charges. Petitioner was correctly awarded 16 days of credits for the 16 days he was held in the Colorado jail after completion of his Colorado sentence until his transfer to the El Dorado County Jail. Petitioner has not met his burden of showing that he would have been free of custody, during the period of his Colorado incarceration up to November 12, 2014, i.e., the date he completed his Colorado sentence, were it not for the conduct giving rise to his California drunk driving conviction. See Von Staich v. Briggs, 2006 WL 213750 at *3 (N.D. Cal. 2006) (it is petitioner's burden to prove that he would have been free were it not for the events giving rise to the at-issue criminal charges). Thus, any liberty interest created by state law was not violated.

The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority. Accordingly, this claim should be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action;

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 15) be granted as to claims 1-3;

2. Claim 4 be denied for the reasons discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 20, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

On1669.mtd